CARMEN STROSCIO *vs.* ALAN L. JACOBS & others, trustees. May 2, 1974. The plaintiff appeals from an order sustaining the defendants' demurrer to an amended declaration in tort and contract. Both counts arise from an alleged agreement to lease. The demurrer was correctly sustained, both counts being insufficient in law to state a cause of action. G. L. c. 231, § 18, Second. The plaintiff was a commercial tenant of the defendants under a lease expiring on September 1, 1971, and was given an extension of the lease until January 1, 1972, while he negotiated with them for a lease of their property located nearby. (1) The count in tort for deceit alleges that the defendants falsely represented that they "would rent" their property to the plaintiff, never intending to do so, and that the plaintiff relied on this representation to his damage. The count contains no allegation, however, that the defendants made any representation as to the terms upon which they "would rent" the property to the plaintiff. The representation alleged was therefore nothing more than an offer to negotiate — a prediction that a mutually agreeable rental agreement or lease would be negotiated — and insufficient to provide the basis for an action in deceit. *Saxon Theatre Corp. of Boston* v. *Sage,* 347 Mass. 662, 666-667 (1964). (2) The count in contract avers that following the collapse of negotiations for the lease the defendants agreed that "in consideration of [p]laintiff's considerable expenditure of time, effort and money, [p]laintiff could remain as a tenant at will . . . for such reasonable period of time as [p]laintiff could locate other premises." The plaintiff argues that the breach of this agreement occurred when the defendants sought to terminate the tenancy at will at an unreasonably early time. However, matters alleged in this count make it clear that

the plaintiff expended time, money and effort in reliance upon the earlier tentative agreement to lease and not in exchange for the defendants' promise to enter into a tenancy at will. Thus, the agreement is not supported by consideration. It is settled that past consideration will not support a contract. *Conant v. Evans*, 202 Mass. 34, 38 (1909), and cased cited. *Henry W. Savage, Inc. v. Friedberg*, 322 Mass. 321, 323 (1948). Absent an allegation of valuable consideration, a demurrer must be sustained. See *Graphic Arts Finishers, Inc. v. Boston Redevelopment Authy.* 357 Mass. 40, 42 (1970). (3) We need not consider the other ground. The demurrer will be sustained if any ground is good. *Duane v. Quincy*, 350 Mass. 59, 61 (1966).

*Order sustaining demurrer affirmed.*
*Judgment for the defendants.*

*Barry Ravech* for the plaintiff.

*Edmund M. Hurley & Charlotte Anne Perretta*, for the defendants, submitted a brief.