Burnes, J.
Plaintiff Geraldine Hornsey (“Hornsey”) sued to recover for injuries incurred in an automobile accident with a tractor-trallor truck. Defendant Michele Bastianelli (“Bastianelli”) was the driver and owned the cab portion of the truck. Defendant Browning-Ferris Industries, Inc. (“Browning-Ferris”) owned the empty trailor that Bastianelli was hauling. After settlement of the main claim, defendant Browning-Ferris moved for summary judgment on its cross-claim against Bastianelli seeking common law indemnification for attorneys fees it incurred in defense of this litigation. Bastianelli cross-moves for summary judgment on the cross-claim. For the following reasons, Browning-Ferris’s motion for summary judgment on its cross-claim is DENIED and Bastianelli’s cross-motion for summary judgment on Browning-Ferris’ cross-claim is ALLOWED.
BACKGROUND
The following facts are stipulated by the parties.
As between Bastianelli and Browning-Ferris, Bastianelli’s actions were the cause of plaintiffs injuries. The only cause of action brought by plaintiff against Browning-Ferris was an allegation of vicarious liability due to Bastianelli’s negligence. Bastianelli was not an agent of Browning-Ferris at the time of the accident and Browning-Ferris, therefore, is not vicariously liable for Bastianelli’s actions.
Throughout the course of this litigation, both Bastianelli and Browning-Ferris have consistently maintained that Bastianelli was not an agent of Browning-Ferris and that Browning-Ferris was not vicariously liable for Bastianelli’s actions. Bastianelli defended the negligence action brought by plaintiff. Browning-Ferris did not incur attorneys fees or costs in defending Bastianelli, but did incur attorneys fees and costs in defending itself against plaintiffs claim of vicarious liability and in asserting its cross-claim for indemnification against Bastianelli.
On April 24, 1997, pursuant to a settlement reached between Bastianelli’s insurer and plaintiff, plaintiff dismissed all claims in her complaint against both Bastianelli and Browning-Ferris. Browning-Ferris did not pay any amount of Bastianelli’s settlement with plaintiff, nor have Bastianelli or his insurer sought contribution from Browning-Ferris for any amount of that settlement.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 *68 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue or material fact. Id. at 17.
Common law indemnity “allows someone who is without fault, compelled by operation of law to defend himself against the wrongful act of another, to recover from the wrongdoer the entire amount of his loss, including reasonable attorneys fees.” Elias v. Unisys Corp., 410 Mass. 479, 482 (1991); see Greater Boston Cable Corporation v. White Mountain Cable Construction Corp., 414 Mass. 76, 79 (1992) (indemnity permitted only where one does not join in negligent act but is liable vicariously for act of another); Fireside Motors, Inc. v. Nissan Motors Corp. in USA, 395 Mass. 366, 369 (1985) (same); Stewart v. Roy Bros. Inc., 358 Mass. 446, 458-59 (1970) (same). The basis for indemnity is restitution; “one party is unjustly enriched at the expense of another when the other discharges liability that should be the first party’s responsibility to pay.” Oates v. Diamond Shamrock Corp., 23 Mass.App.Ct. 446, 448 (1987).
As long as notice of the action is given to the negligent party and he or she refuses to defend, indemnity may be had for fees incurred in defending a claim of vicarious liability based thereon. Westfield v. Mayo, 122 Mass. 100, 104 (1877); see Hollywood Barbecue Co. Inc. v. Morse, 314 Mass. 368, 369 (1943); Gray v. Boston Gas Light Company, 114 Mass. 149, 158 (1873). On the other hand, if notice is not given, indemnity may be had only upon the judgment, and the indemnitee is responsible for the costs incurred in litigation. Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A., 395 Mass. 366, 371 (1985). It logically follows, therefore, that where the tortfeasor is notified and does defend the underlying action, there can be no indemnification for attorneys fees and costs associated with defending a suit for vicarious liability. In such a case there would be no unjust enrichment or justification for restitution. The tortfeasor has incurred the expense of defense. The defense costs incurred by one claimed to be vicariously liable as to the same issue are unnecessary and duplicative.
In this case, Bastianelli was notified of and fully defended the underlying negligence action. Browning-Ferris incurred attorneys fees and costs in 1) defending plaintiffs action based upon vicarious liability and 2) pressing its cross-claim for indemnification. As Bastianelli did defend the underlying action, Browning-Ferris is not entitled to indemnification for any costs incurred in defending against plaintiffs claim of vicarious liability.[2] Further, Browning-Ferris has cited no authority to this court which would entitle it to indemnification for costs incurred in attempting to secure indemnification, especially where its claim is ultimately unsuccessful.
ORDER
For the foregoing reasons, Browning-Ferris’ motion for summary judgment on its cross-claim is DENIED and Bastianelli’s cross-motion for summary judgment on Browning-Ferris’ cross-claim is ALLOWED.

Browning-Ferris argues that the cost it incurred was not in defending the underlying negligence, but, rather, in asserting a lack of vicarious liability because Bastianelli was not its agent. It is true that a defense based upon a lack of agency relationship is different from a defense based upon a lack of primary liability, and therefore not duplicative. However, indemnity can only be asserted where there is a relationship upon which such vicarious liability may be based. Greater Boston Cable Corp. v. White Mountain Cable Construction Corp., 414 Mass. 76, 79 (1992); Elias v. Unisys Corp., 410 Mass. 479, 482 (1991). It is the agency relationship which, on the one hand, permits a finding of vicarious liability of the principal and, on the other, allows indemnification against the agent where the principal was not negligent. Elias, supra at 481-82. To allow indemnification based upon an agency relationship for costs incurred in attempting to prove a lack of that very relationship is a non-sequitur.