Quinlan, Regina L., J.
INTRODUCTION
The plaintiffs, CUMIS Insurance Society, Inc. (“CUMIS”) and 192 separate credit unions (“the credit unions”), seek damages against the defendants, BJ’s Wholesale Club, Inc. (“BJ’s Wholesale”) and Fifth Third BankCorp (“Fifth Third”), for breach of contract (counts I and II), fraud (counts III and IV), negligent misrepresentation (counts V and VI), negligence (counts VII and VIII), violations of G.L.c. 93A (counts IX and X), equitable indemnification (count XI), and subrogation (count XII). The claims arise from an alleged security breach in which an unauthorized third party obtained magnetic stripe information from Visa and MasterCard credit cards issued by the credit unions. Fraudulent purchases were made and, as a result, the credit unions incurred significant financial losses. Under the term of the credit unions’ insurance policy, CUMIS reimbursed the credit unions for the losses caused by fraudulent use. CUMIS and the credit unions then brought this complaint against BJ’s Wholesale and Fifth Third.
This matter comes before the court on two separate motions to dismiss: Defendant BJ’s Wholesale has filed a motion to dismiss counts II, IV, V, VIII, IX, XI, and XII. Defendant Fifth Third has filed a motion to dismiss counts I, III, VI, VII, X, XI, and XII. For the following reasons, the motions to dismiss counts I and II are ALLOWED and the motions to dismiss counts III through XII are DENIED.
BACKGROUND
The credit unions involved in this dispute are federal or state chartered not-for-profit entities owned by credit union members. Each of the credit unions issued Visa and/or MasterCard credit cards to credit union members. CUMIS insures the credit unions from various losses and, in this case, CUMIS paid for the losses resulting from fraudulent credit card charges. BJ’s Wholesale is a Visa and MasterCard merchant and, therefore, accepts Visa and MasterCard transactions. Fifth Third is an acquiring bank and processes Visa and MasterCard credit card transactions.
Both Visa and MasterCard have operating regulations which govern the conduct of acquiring banks and merchants. In the case at issue here, the operating regulations governed the conduct of Fifth Third and BJ’s Wholesale. The operating regulations set forth several requirements of Fifth Third, particularly in regards to cardholder account information. Specifically, the operating regulations forbid Fifth Third from allowing BJ’s Wholesale to retain, store, or disclose cardholder account numbers, personal information, Visa and MasterCard magnetic stripe information, and/or Visa and MasterCard transaction information to any third party. The obligations imposed upon BJ’s Wholesale and Fifth Third were reduced to a contract and each party allegedly maintained that they would comply with the requirements.
According to the complaint, BJ’s Wholesale retained and stored Visa and MasterCard credit card magnetic stripe information after authorized transactions, in contravention of the operating regulations. Unfortunately, magnetic stripe information from a significant number of Visa and MasterCard credit cards was obtained from BJ’s Wholesale by unauthorized third parties.[2] The third parties were able to manipulate this information to create counterfeit Visa and MasterCard credit cards and use them for fraudulent purposes.
The plaintiffs allege that Visa and MasterCard informed acquiring banks, including Fifth Third, that merchants such as BJ’s Wholesale were storing and retaining magnetic stripes. Therefore, the plaintiffs argue that acquiring banks, including Fifth Third, were on notice that some of their merchants were not in compliance with the operating regulations. The plaintiffs allege that Fifth Third should have taken steps to ensure that BJ’s Wholesale was in compliance with the operating regulations. Fifth Third allegedly did not undertake sufficient steps to ensure compliance with retention, storage, confidentiality, and security of information procedures. As a result, the plaintiffs brought this action against BJ’s Wholesale and Fifth Third.
*552 DISCUSSION
Standard of Review
In deciding a motion brought pursuant to Rule 12(b)(6), the court must accept as true the complaint’s well-pleaded factual allegations and any reasonable inferences in the plaintiffs favor that may be drawn from those allegations. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). A complaint may not be dismissed for failure to state a claim for which relief may be granted unless “on the face of the complaint, it is unmistakable that the plaintiff can prove no facts in support of a tenable legal claim.” Disend v. Meadowbrook School, 33 Mass.App.Ct. 674, 675 (1992). “[A] complaint is sufficient ‘unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).” Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 (2004).
Breach of Contract
In Counts I and II of the complaint, CUMIS alleges that by contracting with Visa and MasterCard, Fifth Third and BJ’s Wholesale intended to benefit the issuing credit unions. In other words, CUMIS alleges that the credit unions were intended third-party beneficiaries of the contract and, as a result, are able to bring suit for breach of contract as a result of the security lapses that occurred.[3] This court does recognize “. .. the right of a third party to enforce a contractual provisions in its favor where that party is an intended beneficiary.” Markel Service Insurance Agency, Inc. v. Tifco, Inc., 403 Mass. 401, 405 (1988); see Rae v. Air-Speed, Inc., 386 Mass. 187, 194-95 (1982). However, the language and circumstances of the contract must indicate that the parties clearly and definitely intended the beneficiaries to benefit from the promised performance. Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366-67 (1997).
In this case, the parties expressly stated in the contract at issue their intent to preclude any third-parly beneficiary claims. When parties articulate such a clear and unambiguous intent, that intent is controlling. See Hill v. Sonitrol of Southwestern Ohio, Inc., 521 N.E.2d 780, 784 (Ohio 1988); Miller v. Mooney, 431 Mass. 57, 62 (2000). In its complaint, the plaintiffs provided no facts that would allow a reasonable inference of an intent to create third-party beneficiary status. As a result, any claim of breach of contract based upon third-party beneficiary grounds necessarily fails. Accordingly, Fifth Third’s motion to dismiss count I and BJ’s Wholesale motion to dismiss count II are ALLOWED.
FRAUD
In order to prevail on a fraud clam, the plaintiff must demonstrate that the defendant falsely represented a material fact for the purpose of inducing the plaintiff to act and the plaintiff detrimentally relied on the representation. Kilroy v. Barron, 326 Mass. 464, 465 (1950); Stolzoff v. Waste Systems, International, Inc., 58 Mass.App.Ct. 747, 759 (2003); Ravosa v. Zais, 40 Mass.App.Ct. 47, 52 (1996). In Count III and IV of the complaint, CUMIS and the credit unions allege that both Fifth Third and BJ’s Wholesale falsely represented compliance with the Card Operating Regulations for the purpose of inducing the credit unions to agree to serve as issuing credit unions for Visa and MasterCard transactions. According to Counts III and IV of the complaint, compliance with the Card Operating Regulations is a material fact “upon which the relationship between BJ’s (the merchant), Fifth Third (the acquiring bank), and plaintiff credit unions (the issuing credit unions), relied.” ¶¶254 and 263. The plaintiffs allege that this representation in the contracts between Fifth Third and BJ’s that they would comply with the Card Operating Regulations induced the credit unions to act as issuing credit unions. It is further alleged that the defendant Fifth Third, contrary to the Card Operating Regulations, was not ensuring that its merchants complied with the Card Operating Regulations and that Fifth Third falsely represented compliance and/or failed to disclose noncompliance by BJ’s. It is also alleged that BJ’s falsely represented compliance with the Card Operating Regulations with respect to the requirement that it not store the magnetic strip information.
A complaint that alleges fraud or misrepresentation must be pled with particularity. Mass.R.Civ.P. 9(b). The purpose of this rule is to allow the defendants adequate warning of the particular action that constitutes the alleged fraud or misrepresentation. Friedman v. Jablonski, 371 Mass. 482, 488-89 (1976). Adequate warning provides the defendants with an opportunity to prepare their defense. Id. Generally, the pleading must state the time, place and content of the misrepresentation and what was obtained as a result. See Wayne Investment, Inc. v. Gulf Oil Corp., 739 F.2d 11, 13 (1st Cir. 1984); Friedman v. Jablonski, 371 Mass. supra. “Fraud or deceit ‘may be perpetrated by an implied as well as by an express representation.’ ” Briggs v. Carol Cars, Inc., 407 Mass. 391, 396 (1990), quoting Robichaud v. Owens-Illinois Glass Co., 313 Mass. 583, 585 (1943).
In this case, the plaintiff alleges that Fifth Third and BJ’s falsely represented and/or failed to inform any of the issuing credit unions that they were not ensuring compliance or not complying with the Card Operating Regulations, particularly with respect to the prohibition against storing magnetic strip information. It is further alleged that the issuing credit unions relied upon Fifth Third and BJ’s compliance with the Card Operating Regulations. It is alleged that the Card Operating Regulations prohibit merchants from retaining magnetic stripe information from credit cards and that, during the applicable time period, BJ’s knowingly and intentionally used a software program designed to retain and store that information and that, *553 over the past two years, unauthorized persons have obtained access to the information retained by BJ’s and fraudulently used that information. It is also alleged that Fifth Third received regular alerts through the Visa and MasterCard security alert program the merchants were not complying with the Card Operating Regulations which prohibit merchants from retaining magnetic stripe information and failed to take any steps to enforce those Regulations with BJ’s or other merchants. The allegations in the complaint were sufficient to satisfy the particularity requirement of Rule 9(b). The allegations are sufficient to survive a motion to dismiss. Fairneny, 422 Mass. at 470. As a result, Fifth Third’s motion to dismiss count III and BJ’s Wholesale’s motion to dismiss Count IV are DENIED.
NEGLIGENT MISREPRESENTATION
With regards to the negligent misrepresentation claim alleged in Count V of the complaint, the Supreme Judicial Court has adopted the test articulated in §552 of the Restatement (Second) of Torts (1977). That particular passage provides:
One who, in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
Nycal Corp. v. KPMG Peat Marwick, LLP, 426 Mass. 491, 495-96 (1998), quoting Restatement (Second) of Torts at §552 (1977); see Fox v. F&J Gattozzi Corp., 41 Mass.App.Ct. 581, 587-88 (1996). Negligent misrepresentation claims are typically left to the jury, unless the undisputed facts are so compelling as to allow only one conclusion. Golber v. Baybank Valley Trust Company, 46 Mass.App.Ct. 256, 257 (1999).
In the complaint, CUMIS and the credit unions allege that both Fifth Third and BJ’s Wholesale falsely represented that BJ’s Wholesale was not storing magnetic stripe information. The complaint further alleges that such false representations illustrate a lack of reasonable care in communicating the information. As noted earlier, a claim of false representation must be pled with particularity. Mass.R.Civ.P. 9(b). Since the purpose of this requirement is to adequately warn the defendants, a complaint which pleads the existence and contents of the misrepresentation are sufficient. Friedmann, 371 Mass. at 488-89. CUMIS and the credit unions have met the particularity requirement in this case and, additionally, have stated a claim sufficient to survive a motion to dismiss.[4] Therefore, BJ’s motion to dismiss count V and Fifth Third’s motion to dismiss count VI are DENIED.
NEGLIGENCE
In order to establish a claim for negligence, the plaintiff must demonstrate that the defendant owed the plaintiff a legal duly and the breach of that duty was the proximate cause of injury. Davis v. Westwood Group, 420 Mass. 739, 742-43 (1995). It is a basic principle of negligence law that “ordinarily everyone has a duty to refrain from affirmative acts that unreasonably expose others to a risk of harm.” Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624, 629 (1989). In the complaint, CUMIS and the credit unions allege that the defendants failed to safeguard confidential cardholder information. The allegations made in the complaint are sufficient to state a claim for negligence which resulted in a financial loss to the plaintiffs.[5] Fairneny, 422 Mass. at 470.
However, in separate memorandums of law, BJ’s Wholesale and Fifth Third argue that, as a matter of law, the economic loss doctrine precludes a negligence claim in this action. The economic loss doctrine provides that when a defendant interferes with a contract or economic opportunity due to negligence and causes no harm to either the plaintiffs person or property-, the plaintiff may not recover for purely economic losses. Garweth Corp. v. Boston Edison Co., 415 Mass. 303, 305 (1993).
The facts alleged in support of Counts VII and VIII are that Fifth Third was negligent in failing to ensure BJ’s complied with the Card Operating Regulations which prohibit merchants from retaining information from the credit card’s magnetic stripe. The negligence alleged against BJ’s related to its failure to comply with the Card Operating Regulations which require BJ’s to properly secure cardholder information and which prohibit merchants from retaining that information.
The defendants assert that Counts VII and VIII should be dismissed because of the economic loss doctrine. “It has been a long-standing rule in this Commonwealth, in accordance with the majority of jurisdictions that have considered this issue, that ‘purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage.’ ” Aldrich v. ADD, Inc., 437 Mass. 213, 222 (2002), citing FMR Corp. v. Boston Edison Co., 415 Mass. 393, 395 (1993); Garweth Corp. v. Boston Edison Co., 415 Mass. 303, 305 (1993); Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co., 404 Mass. 103, 107 (1989). The negligence alleged in Counts VII and VIII did not result in any personal injury or damage to property. The negligence alleged resulted in purely economic losses. Consequently, the claims are barred by the economic loss doctrine. Fifth Third’s motion to dismiss count VII and BJ’s Wholesale’s motion to dismiss count VIII are ALLOWED.
G.L.c. 93A
According to the language set forth in G.L.c. 93A, §2, “(u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce *554 are hereby declared unlawful.” In order for a trade practice to be deemed unfair under the Massachusetts Consumer Protection Act, it must fall within at “. . . least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen) ...” PMP Associates, Inc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975). “In a G.L.c. 93A claim, the existence of unfair or deceptive acts ordinarily must be determined from the circumstances of each claim. Spence v. Boston Edison Co., 390 Mass. 604, 615 (1983). [A] negligent misrepresentation may be so extreme or egregious as to constitute a violation of G.L.c. 93A, §11.” Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 62 (2004), citing Golber v. BayBank Valley Trust Co., 46 Mass.App.Ct. 256, 261 (1999), quoting Glickman v. Brown, 21 Mass.App.Ct. 229, 235 (1985) (“negligent misrepresentation of fact the truth of which is reasonably capable of ascertainment is an unfair and deceptive act or practice under G.L.c. 93A, §2[a]”).
A G.L.c. 93A claim must “occur[ ] primarily and substantially within the commonwealth.” G.L.c. 93A, §11. However, the burden of proof is upon the parly claiming that the transaction did not occur “primarily and substantially” within Massachusetts. Id. In this case, the complaint alleges a G.L.c. 93A claim against a corporation incorporated in Massachusetts (BJ’s Wholesale) and an insurance company (CUMIS) which is engaged in trade or commerce in Massachusetts. Accepting the allegations in the complaint as true, there is a sufficient basis for considering that the claim arose out of an activity “primarily and substantially within the commonwealth.” G.L.c. 93A, §11.
For the reasons stated above, BJ’s Wholesale’s motion to dismiss count IX and Fifth Third’s motion to dismiss count X are therefore DENIED.
EQUITABLE INDEMNIFICATION
In counts X and XI of the complaint, CUMIS and the credit unions seek equitable or tort-based indemnification from BJ’s Wholesale and Fifth Third for the defendants’ alleged wrongful conduct. In response, BJ’s Wholesale and Fifth Third filed separate motions to dismiss.
Under Massachusetts law, three circumstances provide for a claim of indemnification: (1) an express agreement; (2) a contractual right implied from the nature of the relationship between the parties; and (3) a tort-based right where one parly is held derivatively or vicariously liable for the wrongful act of another. See Fall River Housing Authority v. H.V. Collins Co., 414 Mass. 10, 13 (1992); Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 37 (1983); Araujo v. Woods Hole, Martha’s Vineyard, Nantucket S.S. Auth., 693 F.2d 1, 2 (1982).
In Stewart v. Roy Bros., 358 Mass. 446, 459, (1970), the Court stated the general rule for tort-based indemnity: “Indemnity is permitted only when one does not join in the negligent act but is exposed to derivative or vicarious liability for the wrongful act of another.” Id., as quoted in Greater Boston Cable Corp. v. White Mountain Cable Const. Corp., 414 Mass. 76, 79 (1992). See also Fireside Motors v. Nissan Motor Corp., 395 Mass. 366, 369 (1985).
For the reasons stated above, BJ.’s Wholesale’s motion to dismiss count X and Fifth Third’s motion to dismiss count XI are therefore DENIED.
SUBROGATION
In deciding a motion brought pursuant to Rule 12(b)(6), the court must accept as true the complaint’s well-pleaded factual allegations and any reasonable inferences in the plaintiffs favor that may be drawn from those allegations. Fairneny, 422 Mass. at 470. The plaintiffs allege CUMIS is subrogated to the rights of the credit unions to the extent of payments for losses suffered as alleged in the complaint. Accepting the alleged facts in this case as true, the plaintiffs have stated a claim that CUMIS is subrogated to the rights of the credit unions to the extent that CUMIS. Traveler’s Ins. Co. v. Graye, 358 Mass. 238, 240 (1970).
For the reasons stated above, the motion to dismiss count XII is DENIED.
ORDER
It is therefore ORDERED that defendants’ motions to dismiss counts I, II, VII and VIII be ALLOWED. It is further ORDERED that defendants’ motions to dismiss counts III, IV, V, VI, IX, X, XI and XII be DENIED.

The Visa and MasterCard credit cards were issued by credit unions to their members and used by those members at BJ’s Wholesale stores.

The contracts at issue in this case contain forum selection clauses. The clauses stipulate that the contracts are governed by the laws of the State of Ohio. Massachusetts courts accept choice of law provisions so long as there is no substantial conflict with Massachusetts public policy and it is “fair and reasonable to do so.” Jacobson v. Mailboxes Etc. USA., Inc., 419 Mass. 572, 574-75 (1995). Since Ohio and Massachusetts both follow the Restatement (Second) of Contracts with respect to third-party beneficiaries, it is “fair and reasonable” to adhere to the forum selection clause in these contracts.

The issue of the economic loss doctrine has been raised with respect to the negligence counts. “An exception to the [economic loss] doctrine permits recovery for economic losses resulting from negligent misrepresentation.” Nota Construction Corp. v. Keyes Associates, 45 Mass.App.Ct. 15, 20 (1998), citing Craig v. Everett M. Brooks Co., 351 Mass. 497, 499-501 (1967).

As noted in a recent decision of the Massachusetts Appeals Court, “[o]rdinarily, summary judgment is not an appropriate means to resolve negligence cases, because usually the question of negligence is one of fact. However, a judge may decide the issue as matter of law when no rational view of fire evidence permits a finding of negligence.” Hennessey v. Stop & Shop Supermarket, No. 04-P-1005 (App.Ct. November 2005), slip op. at 4, quoting Goulart v. Canton Housing Authority, 57 Mass.App.Ct. 440, 441 (2003). A similar approach should ordinarily be taken when presented with a motion to dismiss a negligence claim.