McCann, John S., J.
Pursuant to Mass.R.Civ.P. 56, the third-party defendant, Discover Marble & Granite, Inc. (“Discover”), brings this Motion for Summary Judgment against third-party plaintiffs, Marlborough Crane Corp. (“Crane”) and Ryan Murphy (“Murphy”), asking the court to grant summary judgment on the grounds that: (1) There was no valid indemnity agreement in effect between the parties at the time of the plaintiffs accident, and (2) by its own terms, each Crane rental agreement was a separate contract. The third-party plaintiff claims that there was a valid contract which included an express indemnity provision, and/or an implied right to indemnity. For the reasons that follow, Discovers Motion for Summary Judgment is DENIED.

BACKGROUND

The relevant undisputed facts and disputed facts viewed in the light most favorable to the non-moving parties, Crane and Murphy, are as follows.
The plaintiff, Helvizamon Oliveira (“Oliveira”), was an employee of Discover on November 7, 2003.
On November 7, 2003, Murphy, a crane operator employed by Crane, was off-loading bundles of granite slabs at Discovers site located at 12 John Road, Sutton, Massachusetts. On that day, Oliveira sustained serious injuries after several granite slabs fell upon him during the off loading of a separate bundle of marble slabs by Crane.
Discover hired Crane to provide services for the first time on May 17, 2003, and the last time on January 16, 2004. Generally, a Crane employee would provide to Discover’s representative a two-sided “Standard Short Term Rental Agreement” (“Agreement”) to be signed after work had been performed and to verify hours worked. On November 7, 2003, no Agreement was provided to Discover, but Murphy spoke with Victor DeOliveira (“DeOliveira”), the owner of Discover, and they agreed that any agreement would be signed at a later date after the offices worked out the billing.
Sometime in 2004 or 2005, DeOliveira signed the agreement for the work completed on November 7, 2003. DeOliveira signed the Agreement, dated 11/07/03, on a signature line located below the words, “THE ABOVE HOURS ARE VERIFIED TO BE CORRECT,” and did not sign on the signature line located to the right side of the words, “THE TERMS AND CONDITIONS GOVERNING THIS RENTAL AS DESCRIBED ON THE REVERSE SIDE ARE UNDERSTOOD AND AGREED TO.”
On each of the identical agreements signed by Discover (created by Crane), there is a section that is apparently supposed to be signed “at start of job” and a section to be signed “at end of day.” According to the undisputed facts in the record, it was not the practice of Crane or Discover to have the agreement signed “at start of job,” only at the “end of day.” Even then, the signature of the Discover representative sometimes is located next to “Customer’s name” instead of at the signature line above “Authorized signature.”

DISCUSSION

The court will grant summary judgment where there are no genuine issues of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983). Accordingly, the court will grant a motion for summary judgment where there is an absence of evidence to support the non-moving party’s position. Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990). The opposing party must establish by reference to competent and admissible evidence that a genuine issue of material fact exists. See Mass.R.Civ.P.56; Chiu-Woo v. May, 17 Mass.App.Ct. 949 (1983). The court should not weigh evidence, assess credibility, or find facts; it may only consider undisputed material facts and apply them to the law. Kelly v. Rossi, 395 Mass. 659, 663 (1985). The court must view the facts in the light most favorable to the *589 non-moving party. See G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991).
The first claim asserted by Discover is that the agreement between Crane and Discover was not signed until well after November 7, 2003, the date of the injury. A third-party tortfeasor should recover and receive indemnity from an employer where there is an agreement to indemnify the third party, or if the employer and the third party stand in a relationship that carries with it the obligations to indemnify the third party. Liberty Mutual Ins. Co. v. Westerlind, 374 Mass. 524 (1978). In order for an indemnify provision to be binding, it must be in effect on the date of an accident. Greater Boston Cable Corp. v. White Mountain Cable Corp., 414 Mass. 76 (1992).
In White Mountain, the Supreme Judicial Court held that an indemnification clause in a construction contract signed after the injury occurred and taking effect at a prior date, but not before the injury occurred, would not cover the injury. The Court agreed with the trial court judge’s ruling that the agreement, “(i)nterpreted as an agreement to indemnify Greater Boston for the Paradis accident. . . would fail for lack of consideration.” Id. at 80.
Here, as in White Mountain, an agreement containing an indemnification provision was signed after the accident occurred. The holding in White Mountain was premised on the fact that the injured party wanted the indemnification provision to retroactively apply to three days before the provision took effect. That is, the reason the contract in White Mountain failed for lack of consideration was because Greater Boston sought to have the contract apply to an accident that occurred before the contract was “made and executed.” White Mountain, 414 Mass. at 80. That is not the case here. In both White Mountain and Suffolk Construction Co., Inc. v. Lanco Scaffolding Co., Inc., 47 Mass.App.Ct. 726, 729-30 (1999), the Supreme Judicial Court and Appeals Court implicitly held that contracts may be retroactively signed, made, and executed so that they became effective on a prior date. Id. at 80; Lanco, 47 Mass.App.Ct. at 729-30. In the case at bar, the effective date (i.e., the date that the contract was “made and executed”) unambiguously listed on the contract, written by a representative of Discover, was November 7, 2003, the date of the accident.[2] White Mountain, 414 Mass. at 80; see Lanco, 47 Mass.App.Ct. at 730. To prove its case, Crane need not prove that the contract should be retroactively applied (as in White Mountain); instead, it would need to convince a fact finder that the contract was in effect on the day it was made and executed, i.e., November 7, 2003. A fact finder could determine, based on admissible evidence, that the agreement between Crane and Discover was in effect on November 7, 2003.
Discover also argues that (1) the agreement was only signed for the limited purpose of providing a record that Crane had been at the Discover property, and (2) work performed by Crane on the date of loss was never billed to Discover, so the agreement would be void for lack of consideration. See Stroscio v. Jacobs, 2 Mass.App.Ct. 827, 828 (1974).
There is a genuine issue of material fact as to the signing of the agreement between Crane and Discover. It would be possible for a fact finder to conclude that the work done on November 7, 2003, was suspended due to the accident. Then, that work was billed for after the work was completed on November 12, 2003. In that situation, the agreement would not fail for lack of consideration, as Discover received the benefit of the work being done and Crane received payment for that work which was started on November 7, 2003. Moreover, there is a genuine issue of material fact as to the reason why the agreement was signed; Crane has presented evidence that the discussion limiting the purpose of signing the agreement never took place.
The final ground for summary judgment raised by Discover is that Discover never agreed to the indemnification provision in the agreement because there is no signature next to the phrase, “THE TERMS AND CONDITIONS GOVERNING THIS RENTAL AS DESCRIBED ON THE REVERSE SIDE ARE UNDERSTOOD AND AGREED TO.”[3] See Freeloader v. G.K. Realty Corp., 357 Mass. 512, 516 (1970) (contracts that are free from ambiguity must be interpreted according to their plain terms).
Crane asserts that because Discovers representative never read the entire front and back of any agreement (there had been five previously signed) and never signed the other section because he “never really noticed it,” the court should find that Discover entered into an agreement with Crane containing the terms and conditions, which include the indemnity provision. See Cohen v. Santoianni, 330 Mass. 187, 193 (1953) (“One who knowingly signs a writing that is obviously a legal document without bothering to ascertain the contents of the writing is ordinarily bound by its terms, in the same manner as if he had been fully aware of those terms”).
Normally, a party’s signature on a contract entitles the other party to the benefit of the presumption that one who signs an instrument has read and understood its contents and has assented to its terms and legal effect. See Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 24 (1992). While true that the interpretation of a contract is generally a question of law, Daley v. J.F. White Contr. Co., 347 Mass. 285, 288 (1964), this case does not concern the interpretation of the actual language of a contract. Here, the wrinkle is that there are two signature lines on the agreement but only one was completed. Neither party has presented any case law covering these specific circumstances.
The court concludes that there is a genuine issue of material fact as to whether the parties intended to enter into an agreement, and if so, what the terms of *590 that agreement would be. A fact finder may reasonably infer that Discover, having previously seen the document five times, intended to agree to all the terms listed in the agreement. Additional support for this inference is found in the fact that DeOliveira stated that he would have signed that signature line if he had seen it, he is a businessman who normally reads legal documents before signing them, as a businessman he should have known that there were some terms and conditions in the rental agreement, and he did not look at the terms and conditions or reject them. Finally, the setup of the agreement coupled with the statements by DeOliveira could permit a fact finder to conclude that he thought that that was the only signature line on the document and he was agreeing to all terms on the agreement. Clearly, a fact finder could also infer that Crane intended to agree to all terms and conditions of the agreement.

ORDER

Therefore, it is ORDERED that Third-Party Defendant, Discover Marble & Granite Inc.’s, Motion for Summary Judgment is DENIED.

Unlike the situation in White Mountain, here, Crane is not gaining indemnification in return for nothing of value; Discover received the work done by Crane on the day of the accident. It should also be noted that the agreement contains some terms that could be construed as being favorable to Discover.

Discover also argues that Crane may not rely on previous agreements to support its claim that Discover must indemnify Crane. Crane is able to avoid an adverse ruling on Discover’s Motion for Summary Judgment without relying on previous agreements.