NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-368                                            Appeals Court

GARY W. CRUICKSHANK, trustee,[1] vs.  MAPFRE U.S.A.[2]

No. 18-P-368.

Suffolk.     November 6, 2018. - January 8, 2019.

Present:  Green, C.J., Meade, & Sacks, JJ.

Collateral Estoppel.  Judgment, Preclusive effect.  Practice,
     Civil, Summary judgment.

Civil action commenced in the Superior Court Department on
September 19, 2014.

The case was heard by Heidi E. Brieger, J., on a motion for
summary judgment.

Joseph M. Burke for the plaintiff.
Amanda J. Cox for the defendant.

GREEN, C.J.  This appeal considers the question of when the

determination of a factual issue in prior litigation may have

_____

[1] Of the bankruptcy estate of Valerie Connors (formerly
known as Valerie Troiano).

[2] Formerly known as Commerce Insurance Company.

preclusive effect against a different party in subsequent litigation. Specifically, we first consider whether, under the theory of "virtual representation," the trustee for a bankrupt tortfeasor stands in privity with the victim of an automobile accident who previously pursued, and lost, a claim against the tortfeasor's insurer based on alleged unfair settlement practices. We then consider whether the relevant equities are such that the prior adjudication has preclusive effect against the trustee's claim that the same unfair settlement practices constituted a breach of the insurer's contractual obligations under its insurance policy with the tortfeasor. We conclude that the trustee is in privity with the accident victim in the circumstances of the present case, and that the balance of equities favors preclusion. We accordingly affirm the judgment of the Superior Court dismissing the trustee's claim.

Background. After Valerie Troiano struck and injured Elsa Villanueva with her automobile, Villanueva brought an action against Troiano for negligence. A Superior Court jury found Troiano sixty-five per cent negligent and Villanueva thirty-five per cent negligent for the accident, and judgment entered for Villanueva in the amount of $414,500 after the deduction of $8,000 in personal injury protection benefits she had already received. The insurer paid the full policy limit of $100,000, and an execution against Troiano entered, in the amount of

$552,352.37 plus costs.  Villanueva thereafter brought an action against Commerce Insurance Company (Commerce), from whom Troiano held a liability insurance policy, claiming that it engaged in unfair insurance settlement practices, in violation of G. L. c. 176D, when it initially failed to offer to settle Villanueva's claim for the $100,000 policy limit (c. 176D action).[3]  After a jury-waived trial in the Superior Court, judgment entered for Commerce, rejecting Villaneuva's assertion that Commerce had engaged in unfair settlement practices by failing to conduct an adequate investigation and refusing to make a reasonable offer of settlement at a time when liability had become reasonably clear.  Villanueva appealed from the judgment, and a panel of this court affirmed.  See Villanueva v. Commerce Ins. Co., 89 Mass. App. Ct. 1124 (2016).[4]  After entry of the Superior Court judgment in the c. 176D action, but before

---

[3] Commerce offered to settle the claim for $5,000 before Villanueva filed her complaint against Troiano.  Approximately two years later, shortly before trial, Commerce increased its offer to the full policy limit, but Villanueva rejected the offer and proceeded to trial.

[4] In its decision, the panel observed that Commerce reasonably believed that Troiano would succeed in the underlying suit because, inter alia, "[Villanueva] had entered into the traffic lane, outside of a crosswalk, on a dark, rainy morning, from between two parked cars wearing dark clothing"; Villanueva's eyewitness's failure to appear for scheduled meetings and depositions left "doubt as to his appearance at trial"; and "Troiano was not cited for any civil or criminal motor vehicle infraction."  Villanueva, supra.

conclusion of Villanueva's appeal, Villanueva filed an action for supplementary process against Troiano (who by then was known as Valerie Connors). Connors in turn filed a petition for bankruptcy, and the plaintiff trustee was appointed. Thereafter, by motion dated August 4, 2014, the trustee sought permission to employ special counsel, to be compensated pursuant to a contingent fee agreement, in order to pursue the claim against Commerce. The special counsel (the same attorney who had represented Villanueva in her unsuccessful claim against Commerce) then filed the present action against Commerce, alleging breach of contract by reason of its initial failure to offer to settle Villanueva's claim for the policy limit. See note 3, supra. A judge of the Superior Court allowed the defendant's motion for summary judgment, and this appeal followed.[5]

---

[5] The Superior Court judge, who previously had denied the defendant's motion to dismiss based on issue preclusion, rested her order allowing summary judgment on her determination that the undisputed facts in the summary judgment record demonstrated that Commerce did not act in bad faith when it refused to offer Villanueva the $100,000 policy limit prior to her filing suit. However, "[w]e may affirm the judgment on any ground apparent on the record that supports the result reached in the trial court" (quotation omitted). Lopes v. Commonwealth, 442 Mass. 170, 181 (2004). Our conclusion that the trustee's claim is barred by issue preclusion obviates any need to assess whether (as the trustee contends on appeal) the Superior Court judge improperly entered summary judgment despite the presence of genuine disputes of material fact.

Discussion.  "'Issue preclusion' . . . prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies."  Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988).  See Restatement (Second) of Judgments § 27 (1982).  In order for issue preclusion to bar relitigation of an issue determined in an earlier adjudication, "a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication."  Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 134 (1998).  In the present case, the prior litigation between Villanueva and Commerce resulted in a final judgment, and the issue whether Commerce made a reasonable settlement offer at a time when its insured's liability had become reasonably clear was both essential to that judgment and identical to the central issue of the trustee's claim of contractual breach in the present action.  See note 4, supra.  The trustee nonetheless asserts that issue preclusion does not bar his claim because he was not the party against whom the question was adjudicated in the prior litigation, and does not stand in privity with Villanueva; indeed, he observes, Connors

(the debtor for whose bankruptcy estate he acts as trustee) is the party against whom Villanueva had previously obtained and sought to satisfy a substantial damages judgment.

"For preclusive effect to flow from a prior judgment, the party against whom preclusive effect is asserted must have been either a party in the prior case or in privity with a party. See Commissioner of the Dept. of Employment & Training v. Dugan, 428 Mass. 138, 142 (1998) (issue preclusion, where the party against whom preclusion is asserted was a party, or in privity with a party, to the prior adjudication); Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 36 Mass. App. Ct. 386, 390 (1994) (claim preclusion, in which there must be 'identity or privity of the parties to the present and prior actions')." Bourque v. Cape Southport Assocs., LLC., 60 Mass. App. Ct. 271, 274 (2004).

"The examination essentially reduces itself to an inquiry whether the party against whom preclusion is asserted participated in the prior proceeding, either himself or by a representative." Id. Whether a different party in prior litigation may properly be viewed as the representative of the party against whom issue preclusion is sought in a subsequent action is not always clear cut, however. "What [the Supreme Judicial Court] said about privity in 1909 remains true today: '[T]here is no generally prevailing definition of privity which can be automatically applied to all cases.'" DeGiacomo v.

Quincy, 476 Mass. 38, 43 (2016), quoting Old Dominion Copper Mining & Smelting Co. v. Bigelow, 203 Mass. 159, 214 (1909), aff'd, 225 U.S. 111 (1912). "Instead, privity is best understood simply as a legal conclusion that follows from an analysis of the relationship between the parties to a prior adjudication and the party to be bound." DeGiacomo, supra.

In the circumstances of the present case, the concept of "virtual representation" most closely describes the theory of nonparty preclusion upon which the defendant relies. See, e.g., Boyd v. Jamaica Plain Coop. Bank, 7 Mass. App. Ct. 153, 158 & n.9 (1979) (plaintiffs in second case "sufficiently identified" with plaintiffs in first case for issue preclusion analysis, "either because they were 'privies' with them" or "because [they] were permitted to act as their 'virtual representatives'" [quotations omitted]); Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 760-761 (1st Cir. 1994). Under that theory, "a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." Aerojet-General Corp. v. Askew, 511 F.2d 710, 719 (5th Cir.), cert. denied sub nom., Metropolitan Dade County v. Aerojet-General Corp., 423 U.S. 908 (1975). Though mere alignment of interests is insufficient to support preclusive effect against a nonparty, standing alone, see Gonzalez, supra at 760, a sufficiently strong alignment of

interests may suffice in circumstances where due process concerns are not implicated and "the balance of the relevant equities tips in favor of preclusion." Id. at 761.

In the present case, we are persuaded that issue preclusion is appropriate to bar the trustee from relitigating the same factual questions determined in Villanueva's prior action against Commerce. As a threshold matter, we observe that in general, "[a] trustee in bankruptcy is a fiduciary representing the estate and creditors" (emphasis supplied). In re Medomak Canning, 922 F.2d 895, 901 (1st Cir. 1990). Accordingly, though the trustee nominally represents the estate of the debtor (the tortfeasor Connors, in this case), he stands in that representative capacity for the benefit of the creditors of the bankrupt debtor's estate, of whom Villanueva is the most prominent.[6] Moreover, insofar as the trustee's claim for breach of contract seeks recovery of amounts in excess of the policy limit, based on a claim of consequential damages caused by the failure to settle the claim on terms more favorable than the judgment that subsequently entered, the benefit of any recovery would flow as a practical matter to Villanueva rather than to

---

[6] On the present record, no others appear. We express no view on whether issue preclusion would bar the trustee's claim if other creditors of Connors would be deprived of a potential recovery.

Connors.[7] That Villanueva is the real party in interest in the present litigation is at least consistent with, if not established by, the fact that her counsel in the prior litigation entered an appearance, under a contingent fee arrangement, as counsel for the trustee in the present action. Accordingly, then, though the trustee nominally represents Connors as bankrupt debtor, he does so in the present action for the sole benefit of Villanueva, and neither Connors nor any other party has any separate or independent interest in the action. Finally, we note that Connors was not merely aware of the prior litigation, but testified in it.[8] In consideration of

---

[7] In denying the defendant's motion to dismiss the trustee's claim on the basis of issue preclusion, the Superior Court judge observed that, though the trustee's interests were aligned with those of Villanueva in the prior c. 176D action, the trustee's claims on Connors's behalf in the present action are for a greater amount. While that is true, we note that Villanueva's c. 176D claim would have entitled her to multiple damages and attorney's fees, bringing the total value of her claim in that action very close to any claim for consequential damages in excess of the policy limits in the trustee's present claim. We discern no material difference in the motivation or incentive to prosecute the claim vigorously as between Villanueva in the prior c. 176D action and the trustee in the present one. In any event, we also note that any and all proceeds of any successful prosecution of the trustee's claim in the present case would inure entirely to Villanueva, in satisfaction of her judgment in the underlying personal injury action.

[8] In her deposition testimony, in fact, Connors denied that she was at fault in the accident that caused Villanueva's injuries, contending that Villanueva was principally at fault for walking suddenly and without warning into the path of Connors's moving automobile. Connors also testified that she never asked Commerce to settle the suit. That testimony is at

all the circumstances, we conclude that the trustee is in privity with Villanueva, under the theory of virtual representation, and the equities are such that he is barred by issue preclusion from litigating the same factual questions finally adjudicated adversely to Villanueva in her prior c. 176D action against Commerce.[9]  The judgment of dismissal is accordingly affirmed.

*So ordered*.

---

odds with the trustee's position in the present case that her liability was clear at the time Commerce initially refused to settle Villanueva's claim for the full policy limit, and that Commerce breached its contractual obligations to her by refusing to settle for the policy limit at that time.  We need not consider the defendant's alternative claim that the trustee is barred, on principles of judicial estoppel, from maintaining a claim based on a contention in the present case that is contrary to the position Connors asserted in the prior action.

[9] We note that our conclusion is consistent with that of the bankruptcy judge in a Pennsylvania bankruptcy case involving quite similar circumstances.  See In re Kridlow, 233 B.R. 334, 343 (Bankr. E.D. Pa. 1999).