NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1029

DHIRU PATEL[1] & another[2]

vs.

LICENSE COMMISSION OF CAMBRIDGE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Dhiru Patel, doing business as Vijeta Corporation (Dhiru), and his brother Bipin Patel (Bipin) appeal from a Superior Court judgment dismissing their breach of contract claims against the license commission of Cambridge (commission) pursuant to Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974).  We affirm.

Background.[3]  On January 10, 2012, a commission disciplinary hearing resulted in a twenty-day suspension of Dhiru's liquor license for his business, Prospect Liquors.  Dhiru was also ordered "to keep all nips out of sight, and set your opening hour no earlier than 11:00 A.M."  Dhiru appealed the suspension

---

[1] Doing business as Vijeta Corporation.
[2] Bipin Patel.
[3] We draw the facts from the complaint and documents attached to the motion to dismiss, which were relied on by the parties and the judge.  See Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 43-44 (2022).

to the Alcoholic Beverages Control Commission (ABCC) (first ABCC appeal) but withdrew the first ABCC appeal on September 18, 2012, after the commission agreed to reduce the suspension to fourteen days.

On October 9, 2012, the commission held another disciplinary hearing because there was evidence that Dhiru had opened Prospect Liquors during the suspension, including before 11 A.M., and allowed alcohol to be consumed on the premises. At the end of the hearing, the commission voted to revoke Dhiru's liquor license three months hence, on January 15, 2013. In a written decision, the commission explained that "[t]his delayed revocation is to give [Dhiru] time to seek a suitable buyer for" Prospect Liquors to whom Dhiru could transfer his license, avoiding revocation (October 9 decision). The commission allowed Prospect Liquors to continue operating under the conditions ordered in January of 2012 -- in particular, that the business open no earlier than 11 A.M., and keep nips out of sight.

There were two separate license transfer applications submitted between October 9, 2012, and January 15, 2013. In November 2012, Bipin offered to purchase Prospect Liquors and filed a license transfer application; however, he withdrew that application prior to the date it was scheduled for a hearing before the commission. On January 15, 2013, the date the

2

commission's revocation was to become operative, one of Dhiru's former employees and his wife, who had signed a purchase and sale agreement for Prospect Liquors, submitted a separate license transfer application; thereafter they twice asked the commission to delay considering the application while they tried to secure funding.  A hearing on the couples' application finally took place on March 19, 2013, and at that hearing, evidence was presented that Dhiru had continued to open Prospect Liquors before 11 A.M., including as recently as February 27 and March 6, 2013.  In a written decision, the commission voted to revoke Dhiru's liquor license for his repeated violations of its prior orders, and his inability to abide by the requirements of G. L. c. 138 (March 19 decision).  Dhiru asked for reconsideration, which the commission denied.  Dhiru appealed the October 9 and March 19 decisions to the ABCC (second ABCC appeal).

At an ABCC evidentiary hearing in October of 2013, Dhiru withdrew his challenge to the March 19 decision and admitted he did not adhere to the conditions in the October 9 decision. When the ABCC affirmed the revocation of Dhiru's license, Dhiru filed an action in Superior Court, seeking review under G. L. c. 30A.  The action was dismissed on December 3, 2014, after the ABCC's motion to dismiss was allowed.  Dhiru did not appeal the dismissal of his G. L. c. 30A appeal.

Four years later, the plaintiffs filed the instant complaint, alleging that the October 9 decision "constitute[d] a valid and enforceable contractual agreement" that the commission breached by revoking Dhiru's license on March 19, 2013. The commission filed a motion to dismiss, citing the absence of a contract, Bipin's failure to exhaust administrative remedies, and res judicata. A judge of the Superior Court initially denied the motion, but thereafter allowed the commission's request for reconsideration. The judge reasoned that dismissal was appropriate because (1) the October 9 decision, issued by the commission pursuant to its statutory authority, "did not create any contractual rights" the plaintiffs could enforce, and (2) the plaintiffs' claims were barred by res judicata.

Discussion. As we are reviewing the allowance of a motion to dismiss, our review is de novo. Bassichis v. Flores, 490 Mass. 143, 148 (2022). Here the plaintiffs' breach of contract claim fails for a number of reasons, first and foremost because the plaintiffs have not identified an enforceable contract with the defendant commission. The plaintiffs point to the commission's decision of October 9, 2012, but that decision is not a contract. Manifestly, it is exactly what it purports to be -- a written decision of a licensing body, after a "disciplinary hearing." The decision revokes the license of Dhiru and Prospect Liquors, effective January 15, 2013. It sets

4

conditions for the continued operation of the business during the period between October 9, 2012, and January 15, 2013. It expressly provides that the plaintiffs have a right to appeal the decision to the ABCC, which the defendants in fact did.

A contract is a bargained-for agreement between the parties, supported by valid consideration. See 477 Harrison Ave., LLC v. JACE Boston, LLC, 483 Mass. 514, 523 (2019); Stewart Title Guar. Co. v. Kelly, 97 Mass. App. Ct. 325, 332 (2020), and cases cited. The plaintiffs now assert that the decision was a "settlement agreement," but the decision exhibits absolutely no indication of same. There is no provision indicating the plaintiffs assented to the agreement -- indeed, they did not assent, they appealed. There is nothing describing any consideration flowing from the plaintiffs.[4] It was, rather, a decision of a government body acting pursuant to statutory authority, and the plaintiffs' recourse was to appeal under G. L. c. 138, § 67, and G. L. c. 30A.

---

[4] We note, in any event, that even now the plaintiffs have not identified any actions of theirs which could constitute valid consideration. The complaint identifies Dhiru's withdrawal of the first ABCC appeal as consideration for the October 9 decision, but it was not. Dhiru withdrew the appeal in September 2012, in exchange for a shortening of his license suspension -- before the events giving rise to the October 9 decision even took place. "It is settled that past consideration will not support a contract." Stroscio v. Jacobs, 2 Mass. App. Ct. 827, 828 (1974). See Greater Boston Cable Corp. v. White Mountain Cable Constr. Corp., 414 Mass. 76, 80 (1992).

5

In light of our conclusion, we need not address the plaintiffs' contentions regarding <u>District Convenience, Inc</u>. v. <u>Selectmen of Dedham</u>, 88 Mass. App. Ct. 1102 (2015), nor need we address the parties' remaining contentions.  See <u>Cruickshank</u> v. <u>MAPFRE U.S.A.</u>, 94 Mass. App. Ct. 662, 664 n.5 (2019); <u>Stroscio</u> v. <u>Jacobs</u>, 2 Mass. App. Ct. 827, 828 (1974).

<u>Judgment affirmed</u>.

By the Court (Wolohojian, Englander & D'Angelo, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  February 24, 2023.

---

[5] The panelists are listed in order of seniority.